STATE OF NORTH CAROLINA v. RACHEL BRITT MASSEY AND VERA MAE LONG

No. 8513SC22

(Filed 17 September 1985)

**Arson § 4.2; Insurance § 138— conspiracy to burn dwelling—false insurance claims —insufficient evidence**

> The State's circumstantial evidence was insufficient to support conviction of defendants for conspiracy to burn a mobile home, conspiracy to present a fraudulent insurance claim, and presenting a fraudulent insurance claim.

APPEAL by defendants from *Farmer, Judge.* Judgment entered 1 June 1984 in COLUMBUS County Superior Court. Heard in the Court of Appeals 13 August 1985.

Defendant Massey was convicted of conspiracy to burn a dwelling house, conspiracy to present a false and fraudulent claim for payment of insurance, and of presenting proof in support of a false and fraudulent claim for insurance.

Defendant Long was convicted of conspiracy to burn a dwelling house, conspiracy to present a false and fraudulent claim for insurance, and of presenting a false and fraudulent claim for insurance.

At trial, the State's evidence tended to show the following events and circumstances. Defendant Massey, who is defendant Long's daughter, lived in a Whiteville trailer park, next door to her mother, in a mobile home owned by defendant Long. On 30 September 1982, a neighbor observed Massey carrying clothing and household items from her dwelling to her mother's dwelling. In the early morning of 1 October 1982, Massey, in the company of Hartford T. Sellers, left her dwelling and went to her mother's dwelling. Just after leaving her dwelling, Massey threw a "gas" can into a neighbor's yard. Within a minute or two after Massey left her dwelling, it began burning. Massey remained in Long's dwelling until the fire was extinguished, Long being present in her dwelling during these events. There was evidence that the fire was intentionally set. On the morning of the fire, Massey called her brother and asked him to say to any inquirers that Massey and Sellers stayed in Fayetteville the night before the fire with Sellers' brother, which was not true. Long filed an in-

surance claim and was paid $6,800.00 for the loss of the mobile home and $250.00 for a washing machine. Of the total loss proceeds approximately $6,300.00 went directly to the mortgagee of the mobile home. The same neighbor who testified to seeing Massey leave her mobile home shortly before the fire testified that Massey later told her that Massey had received $4,000.00 for burning the trailer. Defendant Long told the insurance adjuster who handled the claim that she did not know how the fire started and that Massey had gone out of town the night before the fire. Massey told the adjuster she had gone to Fayetteville the night before the fire and had not returned home until about 6:45 a.m. the day of the fire. She did not discover the fire until about 11:00 a.m. She did not know how the fire started.

Defendant Massey did not testify. Defendant Long testified that she saw Massey at about 8:00 p.m. on the night before the fire, when Massey told her that Massey and Sellers were going to Fayetteville to spend the night. She did not see Massey again before about 11:00 a.m. the day of the fire, after the fire was extinguished. The day before the fire, Massey had brought clothing to Long's home to dry, but brought no household utensils. Long first learned of the fire when someone knocked at her door about 6:30 a.m. Long called the fire department. She did not know how the fire started.

From fines and sentences of imprisonment, defendants have appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney Gayl M. Manthei for the State.*

*Appellate Defender Adam Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr. for defendant Massey.*

*Junius B. Lee, III and Fred C. Meekins, Jr. for defendant Long.*

WELLS, Judge.

Each defendant has assigned error to the trial court's failure to grant their motion to dismiss for insufficiency of the evidence. We agree with defendants and reverse.

A criminal conspiracy is an agreement between two or more persons to do an unlawful act or do a lawful act in an unlawful

way or by unlawful means. *State v. LeDuc*, 306 N.C. 62, 291 S.E. 2d 607 (1982). In order for a defendant to be found guilty of a conspiracy, it must be established by competent evidence that the defendant entered into an unlawful confederation for the criminal purposes alleged. *Id.* While a conspiracy may be established from circumstantial evidence, there must be such evidence to prove the agreement directly or such a state of facts that an agreement may be legally inferred. *Id.* Conspiracies cannot be established by a mere suspicion, nor does a mere relationship between the parties or association show a conspiracy. *Id.* If the conspiracy is to be proved by inferences drawn from the evidence, such evidence must point unerringly to the existence of a conspiracy. *State v. Whiteside*, 204 N.C. 710, 169 S.E. 711 (1933).

Clearly, there is no direct evidence of a conspiracy in this case, all of the State's evidence being circumstantial. While it appears that a reasonable inference could be drawn from this evidence that defendant Massey burned the mobile home in which she was living, we cannot agree that the evidence supports a reasonable inference that either defendant conspired with each other or any other person to commit the crimes for which they stand convicted. There is no more than mere suspicion in this case, and suspicion, however strong, is simply not enough. *See State v. LeDuc, supra*, and cases cited and discussed therein. The fraudulent insurance claims charges are rooted in the conspiracy to burn charges; therefore, they must fall with the conspiracy.

For the reasons stated, the judgments against each defendant must be reversed and their sentences vacated.

Reversed and vacated.

Chief Judge HEDRICK and Judge WEBB concur.