STATE OF NORTH CAROLINA
v.
ADELAIDO GONZALEZ VILLARREAL, Defendant.
No. COA08-244
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Steven A. Armstrong, for the State.
Sofie W. Hosford for defendant-appellant.
GEER, Judge.
Defendant Adelaido Gonzalez Villarreal appeals from his convictions for trafficking in cocaine by possession, trafficking in cocaine by transportation, conspiracy to traffic in cocaine by possession, and possession of cocaine. On appeal, defendant argues that the trial court erred in denying his motion to dismiss each charge on the ground that he did not know there was cocaine in his car, and the State failed to prove any agreement between defendant and his brother to traffic in cocaine. When, however, the evidence is viewed in the light most favorable to the State, there is sufficient evidence to require submission of the charges to the jury. The trial court, therefore, properly denied the motion to dismiss.

Facts
At trial, the State's evidence tended to show the following facts. On 7 March 2007, Detectives Adam Denton and Chase Mason of the Forsyth County Sheriff's Department were conducting an undercover operation to purchase narcotics. Detective Denton's assignment was to make the purchase while wearing a "wire," while Detective Mason maintained surveillance. The detectives sat in different cars, parked about 50 yards apart from each other in the parking lot of a mall.
Detective Denton called defendant's brother, Felix Villarreal, to arrange a deal for four ounces of cocaine. After about five minutes, Felix arrived at the mall parking lot in a white Honda and parked next to Denton's car. Felix got out of his car and into the back seat of Denton's car. He asked Denton if he had any money, and Denton "flashed" some bills. Denton then asked Felix for the cocaine, but Felix said he had to call his brother.
Felix made a phone call in Spanish and, within about 30 seconds, defendant drove up in a gray Honda and pulled his car alongside Denton's. Felix got out and went to defendant's passenger side window, reached in, and then turned around holding a plastic grocery bag. Felix placed the bag on the center console area of Denton's car. Inside the bag, which was untied, were paper towels, in the middle of which were four plastic baggies, each filled with what appeared to be cocaine. Denton noticed a strong odor that he identified as cocaine. Denton gave the signal to arrest, and a team of police officers moved in and arrested Felix and defendant. The contents of the baggies were tested and determined to be 110.9 grams of cocaine. On 2 July 2007, defendant was indicted on charges of trafficking in cocaine by transportation, trafficking in cocaine by possession, conspiracy to traffic in cocaine, and possession with intent to sell or deliver cocaine.
At trial, Felix testified on defendant's behalf. He acknowledged that he had agreed to sell four ounces of cocaine to Denton for $2,800.00. While in Denton's car, he called defendant and told him to drive to his location and to bring him a bag. Defendant drove up within a minute or two, driving a Honda that belonged to a cousin, and handed the bag to Felix when asked. Felix testified that he did not tell defendant that the bag contained drugs.
Defendant testified that the car was not his, he was not told what was in the bag, he did not open the bag, and he did not look in the bag because he "didn't want to see what was in the bag." Finally, defendant's friend Cristino Tepequillo Sanchez testified that defendant was a hard worker and very honest, and he had never seen defendant selling drugs.
The jury returned guilty verdicts of trafficking in cocaine by transportation, trafficking in cocaine by possession, conspiracy to traffic in cocaine, and possession of cocaine, a lesser included offense of possession with intent to sell or deliver cocaine. The trial court consolidated the four offenses into three judgments and sentenced defendant to two concurrent terms of 35 to 42 months imprisonment each, to be served consecutively with a third term of 35 to 42 months. Defendant timely appealed to this Court.

Discussion
Defendant argues that the trial court erred in failing to dismiss each of the charges. A defendant's motion to dismiss should be denied if there is substantial evidence: (1) of each essential element of the offense charged and (2) of defendant's being the perpetrator of the offense. State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002). Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion. Id. at 597, 573 S.E.2d at 869. This evidence may be direct or circumstantial. State v. Jenkins, 167 N.C. App. 696, 699, 606 S.E.2d 430, 432, aff'd per curiam, 359 N.C. 423, 611 S.E.2d 833 (2005). On review of a denial of a motion to dismiss, this Court must view the evidence in the light most favorable to the State, giving it the benefit of all reasonable inferences. Scott, 356 N.C. at 596, 573 S.E.2d at 869. Contradictions and discrepancies do not warrant dismissal, but rather are for the jury to resolve. Id.
With respect to the charge of conspiracy to traffic in cocaine by possession, defendant argues that there was no evidence of an agreement between him and his brother Felix. "'A criminal conspiracy is an agreement, express or implied, between two or more persons to do an unlawful act or to do a lawful act by unlawful means.'" State v. Clark, 137 N.C. App. 90, 95, 527 S.E.2d 319, 322(2000) (quoting State v. Burmeister, 131 N.C. App. 190, 199, 506 S.E.2d 278, 283 (1998)). In order to prove conspiracy,
the State need not prove an express agreement; evidence tending to show a mutual, implied understanding will suffice. Nor is it necessary that the unlawful act be completed. A conspiracy may be shown by circumstantial evidence, or by a defendant's behavior. Conspiracy may also be inferred from the conduct of the other parties to the conspiracy. Proof of a conspiracy [is generally] established by a number of indefinite acts, each of which, standing alone, might have little weight, but, taken collectively, they point unerringly to the existence of a conspiracy.
Jenkins, 167 N.C. App. at 699-700, 606 S.E.2d at 432-33 (internal citations and quotations marks omitted).
In this case, the "unlawful act" to which defendant was alleged to have conspired is trafficking in cocaine by possession of at least 28 grams but less than 200 grams of cocaine. N.C. Gen. Stat. § 90-95(h)(3)(a) (2007). Thus, in order to find defendant guilty of conspiracy to traffic in cocaine, the State must prove that defendant entered into an agreement to traffic in cocaine by possessing at least 28 grams but less than 200 grams of cocaine.
We first note that defendant, in making his argument, relies substantially on the testimony of Felix Villarreal that he did not tell his brother that the bag contained cocaine and did not discuss the sale of drugs with his brother at any time. Defendant asserts that this testimony, offered by defendant, should be considered in connection with the motion to dismiss because Felix's "testimony was consistent with that of the State's witnesses in that none of the law enforcement officers testified that the Villarreal brothers had an agreement to sell cocaine." Defendant has mistaken the standard of review. In deciding a motion to dismiss, "'[t]he defendant's evidence, unless favorable to the State, is not to be taken into consideration' . . . [although,] when it is consistent with the State's evidence, the defendant's evidence `may be used to explain or clarify that offered by the State.'" State v. Denny, 361 N.C. 662, 665, 652 S.E.2d 212, 213 (2007) (quoting State v. Jones, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971)). Since Felix's testimony as to defendant's knowledge was not favorable to the State and did not explain or clarify the State's evidence, it may not be considered in connection with the motion to dismiss.
Here, there is no dispute that the amount of cocaine was between 28 and 200 grams. After Felix agreed to sell the cocaine to Denton, he immediately called his brother who drove up 30 seconds later and, according to Felix, handed Felix the bag of cocaine.[1] Denton's testimony established that the bag was open, and the cocaine was readily seen and smelled. These facts are sufficient to permit a jury to find a mutual, implied understanding between Felix and his brother to traffic in the cocaine in the bag that was transported in defendant's car. A reasonable juror could infer that a defendant who brings a drug seller an open grocery bag of drugs, within moments of having a phone conversation with him, had an agreement or understanding with that seller to traffic in drugs. See Jenkins, 167 N.C. App. at 701, 606 S.E.2d at 433 (holding evidence of conspiracy sufficient when three men were riding in pick-up truck together, one man was counting thousands of dollars, a loaded handgun was plainly visible in the cab, and a bag of drugs was between defendant and another passenger, reasoning that "[a] jury could reasonably infer that [one man] would not count thousands of dollars in drug money in front of defendant and [a third man] if they were not involved in a drug deal, nor would there be 79.3 grams of cocaine on the seat between the two passengers"). Compare State v. Euceda-Valle, 182 N.C. App. 268, 276, 641 S.E.2d 858, 864 (finding insufficient evidence of conspiracy when drugs were in the trunk of the car, and there was no evidence of conversations between the two men, no unusual movements or actions by the two men, and no other suggestion of an agreement), appeal dismissed and disc. review denied, 361 N.C. 698, 652 S.E.2d 923 (2007). Therefore, the trial court did not err in denying defendant's motion to dismiss the conspiracy to traffic in cocaine charge.
Defendant also argues that the trial court erred in failing to dismiss the remaining three charges of trafficking in cocaine by possession, trafficking in cocaine by transportation, and possession of cocaine. For each charge, defendant contends that the State failed to present substantial evidence that defendant knew the grocery bag contained cocaine. Defendant does not dispute that he possessed and transported the required amount of cocaine. He argues only that the record lacks sufficient evidence that he "knowingly" did so. We hold that the evidence, viewed in the light most favorable to the State, was sufficient to support the submission of the trafficking and possession charges to the jury. In addition to the evidence discussed in connection with the conspiracy charge, there was evidence that the plastic grocery bag containing 110.9 grams of cocaine was open, and the cocaine could easily be seen and smelled. Further, defendant testified that he did not look in the bag because he "didn't want to see what was in the bag." The jury could reasonably find, based on all of the evidence, that defendant knew the grocery bag contained cocaine. Although defendant presented evidence that he did not know the bag contained cocaine, the credibility of the defense witnesses and the question whether defendant knew the contents of the bag were issues properly left to the jury to weigh and decide. See Scott, 356 N.C. at 596, 573 S.E.2d at 869 ("'Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve.'" (quoting State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993))). Consequently, the trial court properly denied defendant's motion to dismiss.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] This portion of defendant's evidence may be considered because it is favorable to the State.