An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1062
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

v.

KENDALE TYRONE STRANGE

New Hanover County
Nos. 11 CRS 10578, 58357,
58850; 12 CRS 9327

Appeal by Defendant from judgments entered 30 May 2013 by Judge Arnold O. Jones in New Hanover County Superior Court. Heard in the Court of Appeals 27 January 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Anne J. Brown, for the State.*

> *Irving Joyner for Defendant.*

DILLON, Judge.

Kendale Tyrone Strange ("Defendant") appeals from judgments entered upon a jury verdict finding him guilty of possession of a firearm by a felon, driving while license revoked, and resisting a public officer, and his subsequent guilty plea to trafficking in opium or heroin and attaining the status of an habitual felon. The trial court sentenced Defendant to a

mandatory term of 70 to 84 months imprisonment for his trafficking conviction. The court consolidated Defendant's remaining convictions into a single judgment and sentenced Defendant as an habitual felon to a concurrent term of 88 to 115 months imprisonment. Defendant filed timely written notice of appeal from the judgments.

Defendant's sole argument on appeal is that the trial court erred when it refused to dismiss the charge of resisting a public officer. Defendant, however, has failed to preserve this issue for appellate review.

At trial, Defendant's trial counsel moved to dismiss only the charge of possession of a firearm by a felon. It is well established that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." *State v. Holliman*, 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (citations and quotation marks omitted). This precludes a defendant from presenting on appeal "a different theory to support his motion to dismiss than that he presented at trial[.]" *State v. Euceda-Valle*, 182 N.C. App. 268, 272, 641 S.E.2d 858, 862, *appeal dismissed and cert. denied*, 361 N.C. 698, 652 S.E.2d 923 (2007); *see also* N.C.R.

App. P. 10(a)(3) (providing that "[i]n a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action . . . is made at trial"). Defendant's counsel did not make a motion to dismiss the charge of resisting a public officer, and Defendant has thus waived review of this argument. Because Defendant's sole argument on appeal is not properly before this Court, we dismiss his appeal.

DISMISSED.

Chief Judge MARTIN and Judge HUNTER, JR., concur.

Report per Rule 30(e).