An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-66

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.

STEVEN JAMES MERRELL

Watauga County
No. 13 CRS 50053

Appeal by defendant from judgment entered 5 September 2013 by Judge Mark E. Powell in Watauga County Superior Court. Heard in the Court of Appeals 20 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General J. Joy Strickland, for the State.*
>
> *Mark Hayes for defendant.*

ELMORE, Judge.

In September 2013, a jury found defendant guilty of failing to comply with the sex offender registration law pursuant to N.C. Gen. Stat. § 14-208.11. Defendant received an active prison sentence of 23-37 months. Defendant appeals and raises as error the trial court's denial of his motion to dismiss for insufficient evidence. After careful consideration, we hold

that the trial court did not err. Furthermore, we dismiss defendant's second issue on appeal.

## I. Facts

On 29 October 1996, judgment was entered against Steven James Merrell (defendant) for the crime of taking indecent liberties with a minor. As a result, defendant was required to maintain registration on the North Carolina Sex Offender and Public Protection Registry. Defendant appeared in the Watauga County Sheriff's Office on 16 October 2012 to submit a sex offender change of address form, indicating that his new address was at the Hospitality House, a homeless shelter, on 338 Brook Hollow Road in Boone. Two months later, defendant signed a verification form to confirm that he still lived there. Deputy Seth Arthur Morrison, pursuant to his duties at the Watauga County Sheriff's Office, went to 338 Brook Hollow Road on 9 January 2013 to confirm that defendant, in fact, lived at that address. After speaking with a Hospitality House employee and making his own observations, Deputy Morrison determined that defendant no longer resided there. On 11 February 2013, defendant was indicted under N.C. Gen. Stat. § 14-208.11 for his purported failure to comply with sex offender registration.

At trial, defendant made a motion to dismiss at the close of the State's evidence for insufficient evidence and renewed his motion at the end of all evidence. Both times, the trial court denied defendant's motion.

## II. Analysis

### a.) Address Change

First, defendant argues that the trial court erred in denying his motion to dismiss because the evidence was insufficient to show that he actually changed his address. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995). Moreover,

> [c]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citation and quotation marks omitted).

A conviction for failing to comply with the change of address requirements for a registered sex offender under N.C. Gen. Stat. § 14-208.11 (2013) requires proof beyond a reasonable

doubt that: "(1) the defendant is a person required . . . to register, (2) the defendant [willfully] changes his or her address, and (3) the defendant [willfully] fails to notify the last registering sheriff of the change of address, . . . not later than the tenth day after the change[.]" *State v. Worley*, 198 N.C. App. 329, 334, 679 S.E.2d 857, 861 (2009) (internal citations and quotation marks omitted).

In defining the word "address" for the purpose of this statute, our Supreme Court has stated that "the legislature intended the definition of address under the registration program to carry an ordinary meaning of describing or indicating the location where someone lives[,] . . . a person's residence." *State v. Abshire*, 363 N.C. 322, 330-31, 677 S.E.2d 444, 450 (2009). A location is classified as an address whether it is "permanent or temporary" as long as it is "the actual place of abode where [the defendant] lives[.]" *Worley*, 198 N.C. App. at 335, 679 S.E.2d at 862 (citations and quotations omitted).

In the case *sub judice*, defendant filed a sex offender change of address form on 16 October 2012 indicating that his new address was at the Hospitality House located on 338 Brook Hollow Road. Deputy Morrison went to the Hospitality House on 9 January 2013 to verify whether defendant still lived there.

Initially, he could not locate defendant, and Zachary Ollis, a shelter employee, told Deputy Morrison that although defendant visited the shelter on occasion to eat lunch and "possibly access other services[,]" defendant was "not . . . [a] resident at the Hospitality House[.] . . . He has not been a resident since November 8th, 2012. He is currently in a homeless situation." Ollis testified that defendant stayed "in a tent in the woods" and "[t]here was period of time in which we didn't see [defendant] for an extended length of time, then it became peppered with a day here, a day there, and for a while he was there everyday for a couple weeks, but very sporadic. We never really knew when to expect him[.]" Laura Bullock, an emergency shelter service coordinator at the Hospitality House, testified that defendant lived at the shelter from 11 October 2012 until 8 November 2012, at which time he left the shelter without providing a forwarding address. When defendant was arrested by Deputy Morrison, he stated that "Hospitality House would not let [me] stay there unless it was less than 40 degrees." Furthermore, Hospitality House records corroborate Ollis and Bullock's testimony and also indicate that defendant did not return to stay at the shelter until April 2013. Thus, although it is unclear where defendant lived after leaving the

Hospitality House, the State provided substantial evidence for a jury to reasonably infer from the circumstances that defendant's address had changed between November 2012 and March 2013. *See id.* at 338, 679 S.E.2d at 863-64 (rejecting defendant's argument that "there are occasionally times when a registered sex offender lacks a reportable 'address'" and stating that "the sex offender registration statutes operate on the premise that everyone does, at all times, have an 'address' of some sort, even if it is . . . a location under a bridge or some similar place").

**b.) Willful Conduct**

In the alternative, defendant argues that if a change of address occurred, there was insufficient evidence to show that 1.) the address change was done willfully and 2.) his failure to notify the last registering sheriff of his address change was willful. We dismiss this issue on appeal.

It is well established that "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." *State v. Holliman*, 155 N.C. App. 120, 123, 573 S.E.2d 682, 685 (2002) (citation and quotation marks omitted). A defendant who "presents a different

theory to support his motion to dismiss than that he presented at trial" does not preserve the new argument for appellate review. *State v. Euceda-Valle*, 182 N.C. App. 268, 272, 641 S.E.2d 858, 862 (2007).

In the present case, defendant made a motion to dismiss at the close of the State's evidence:

> Your Honor, at this time the defendant would move to dismiss at the close of State's evidence. *We would contend that the State has failed to show here adequate evidence that the defendant had*, *in fact*, *moved*. . . . So, you know, regardless of other things, the fact of the matter is there is not any testimony in this case putting [defendant] anywhere other than where he is supposed to be we would contend. And [sic] would contend that that's not an adequate evidence of an address change, and that therefore, he would not have been required to have given a notice to the Sheriff of [sic] address change. He came in when [sic] was supposed to. He verified his address as he's supposed to. Even the State's own test-- evidence was that he was diligent in coming in and keeping track of such things.

(emphasis added). At the close of all evidence, defendant renewed his motion on the same grounds:

> Your Honor, at the close of all the evidence I would move to dismiss. I would just reiterate the argument that I made earlier. There is inadequate evidence in this case from which a jury could find beyond a reasonable doubt that there was an address change, and that therefore that the requirement would have come into play. . . .

> So we would contend that there simply is inadequate evidence of an address change, and the jury could not find beyond a reasonable doubt *that he had changed addresses*.

(emphasis added).

Upon review of defendant's motion to dismiss at trial, his motion was specifically made on the basis that an actual address change never occurred. However, defendant's current argument on appeal regarding the State's presentation of insufficient evidence relates to the absence of defendant's willful conduct, assuming that an address change occurred. Such a theory was never raised in front of the trial court. Consequently, we dismiss this argument on appeal.

### III. Conclusion

In sum, the trial court did not err by denying defendant's motion to dismiss because the evidence was sufficient to show that defendant actually changed his address. We dismiss defendant's second argument that no sufficient evidence existed to show his willful conduct because defendant never raised this theory during his motion to dismiss at trial.

No error, in part; dismissed, in part.

Judges McGEE and HUNTER, Robert C., concur.

Report per Rule 30(e).